IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES KEITH MCLAURIN                                                              PLAINTIFF

VERSUS                                               CIVIL ACTION NO.  2:09cv201-KS-MTP

BEN FORD, SHAD HARVEY,
PAMELA WADE and JIM KINSLOW                                              DEFENDANTS

OPINION AND ORDER

On September 21, 2009, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status.  An order [3] was entered on September 22, 2009, directing the plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit within 30 days.  The plaintiff failed to comply with this order even though he was warned in this Court's order of September 22, 2009, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.

When the plaintiff failed to comply with the order [3] of September 22, 2009, an order to show cause [4] was entered on November 23, 2009.  That order [4] directed the plaintiff to respond on or before December 8, 2009, and warned the plaintiff that failure to comply would result in the dismissal of the instant civil action without further notice to him.  Having reviewed the docket entries, this Court finds that the plaintiff has once again failed to comply with an order of this Court.

The plaintiff has failed to comply with the orders [3 & 4] of this Court.  In fact, the plaintiff has not contacted this Court since he filed the instant civil action on September 21, 2009.  Therefore, this Court finds from the plaintiff's failure to comply with the orders of this

Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 23rd day of December, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE